Filed 10/23/23  P. v. Lizarraga CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062342 |
| v. | (Super. Ct. No. 08CF0225) |
| ROSA ISELA LIZARRAGA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Cheri T. Pham, Judge.  Affirmed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Rosa Isela Lizarraga was convicted of attempted murder. She filed a resentencing petition under Penal Code section 1172.6, which the trial court dismissed.[1] On appeal, her appointed counsel filed a no-issue brief, requesting we exercise our discretion to independently review the record for error under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). We have exercised our discretion to review the record. Finding no arguable issues, we affirm the court's postjudgment order.

I

FACTS AND PROCEDURAL HISTORY

In 2011, a jury found Lizarraga guilty of attempted murder and two counts of aggravated assault for a stabbing that occurred at a laundromat. The jury also found to be true a deadly weapon enhancement and a great bodily injury enhancement. Lizarraga was sentenced to an aggregate term of 14 years to life in prison.

Lizarraga filed a resentencing petition under section 1172.6 in August 2022, and was later appointed counsel. The trial court dismissed her petition following a prima facie hearing. It found, "petitioner was not convicted under the natural and probable consequences doctrine, as the jury was never instructed regarding it."

Lizarraga filed a notice of appeal. Her counsel filed a no-issue brief requesting that we independently review the record under *Delgadillo*. Specifically, her counsel asked us to review whether the court erred by dismissing the petition and whether Lizarraga received ineffective assistance of counsel.

In June 2023, this Court issued an order granting Lizarraga 30 days to file a supplemental brief. The order stated her appeal could be dismissed if she failed to do so. Lizarraga did not file anything.

---

[1] All further undesignated statutory references are to the Penal Code. The Legislature renumbered former section 1170.95 to now section 1172.6 without substantive change, effective June 30, 2022 (Stats. 2022, ch. 58, § 10).

## II

## DISCUSSION

To prove attempted murder, the prosecution must establish the defendant acted with specific intent to kill. (*People v. Mariscal* (2020) 47 Cal.App.5th 129, 137.) Thus, a direct perpetrator cannot be found guilty of attempted murder under a natural and probable consequences theory. Prior to 2019, though, aiders and abettors could be found guilty of attempted murder under a natural and probable consequences theory even if they lacked specific intent to kill. (*People v. Sanchez* (2022) 75 Cal.App.5th 191, 193-194, 196.) The direct perpetrator's "'intent to kill' was imputed" onto the aider and abettor if the "attempted murder was a natural and probable consequence of [the aider and abettor's] intent to participate in the target offense." (*People v. Montes* (2021) 71 Cal.App.5th 1001, 1007-1008.)

However, "[e]ffective January 1, 2019, the Legislature passed Senate Bill 1437 'to amend the . . . natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.] In addition . . . Senate Bill 1437 added section 1170.95 [(now section 1172.6)], which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959.) The Legislature later amended section 1170.95 to clarify that persons convicted of attempted murder under a natural and probable consequences theory are also eligible for relief. (*People v. Whitson* (2022) 79 Cal.App.5th 22, 30.)

The trial court reviews a section 1172.6 petition to determine whether the petitioner has made a prima facie case. "If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*People v. Strong* (2022) 13 Cal.5th 698, 708.)

3

On an appeal from a denial of a section 1172.6 petition, if appointed counsel finds no arguable issues to pursue, (1) counsel should file a brief stating that determination with a factual summary of the petition's denial, and (2) the court should notify the defendant of his or her right to file a supplemental brief and that the appeal may be dismissed if no such brief is filed within 30 days. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 231–232.) If the defendant files a supplemental brief, the appellate court must evaluate the arguments made therein and issue a written opinion. (*Id*. at p. 232.) If no supplemental brief is filed, as is the case here, the appellate court has discretion to dismiss the appeal or review the record independently. (*Ibid*.)

In the interests of justice, we exercise our discretion to review the record. We agree with Lizarraga's counsel that there are no arguable issues. It is clear from the record the jury convicted Lizarraga as the actual attempted murderer, i.e., the direct perpetrator, and not under a natural and probable consequences theory.

First, the jury was not instructed on aiding and abetting, nor was it instructed on the natural and probable consequences doctrine. Rather, the attempted murder jury instruction required the jury to find that Lizarraga "intended to kill" the victim to convict her.

Second, the jury's verdict found Lizarraga committed the attempted murder "willfully, deliberately and with premeditation." To reach this verdict, the jury had to find she (1) "intended to kill when she acted," (2) "carefully weighed the considerations for and against her choice and, knowing the consequences, decided to kill," and (3) "decided to kill before acting." The jury also found she "*personally* used a deadly weapon, a knife" and "*personally* inflicted great bodily injury on [the] victim" while committing the attempted murder. (Italics added.) Together, these findings conclusively show Lizarraga was not convicted of attempted murder as an aider and abettor or based on a natural and probable consequences theory.

4

The trial court did not err by dismissing Lizarraga's section 1172.6 petition. Likewise, she did not receive ineffective assistance of counsel. (*People v. Lucas* (1995) 12 Cal.4th 415, 436 [ineffective assistance of counsel requires prejudice to the defendant].)

III

DISPOSITION

The court's postjudgment order is affirmed.

MOORE, ACTING P. J.

WE CONCUR:

SANCHEZ, J.

MOTOIKE, J.

5